*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ZACHARY ALLEN HOLMAN,

        Defendant-Appellant.

UNPUBLISHED
July 11, 2024

No. 351885
St. Clair Circuit Court
LC No. 19-001757-FC

ON REMAND

Before: RIORDAN, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

This matter returns to this Court on remand from our Supreme Court for reconsideration in light of *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023). *People v Holman*, 513 Mich 910; 997 NW2d 172 (2023). Having considered the change in law stated in *Posey*, we again affirm.

Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 40 to 80 years in prison for a conviction of assault with intent to commit murder (AWIM), MCL 750.83, following a jury trial. In a prior opinion, this Court explained the following:

> Defendant's conviction arose from a nonfatal stabbing at a trailer park on the evening of July 2, 2019. Multiple witnesses to the stabbing, including the victim and defendant, testified at trial. Most of the relevant facts underlying defendant's conviction are undisputed, given his admission that he intentionally stabbed the victim, believing him to be someone else. [*People v Holman*, unpublished per curiam opinion of the Court of Appeals, issued August 12, 2021 (Docket No. 351885).]

At defendant's sentencing hearing, defense counsel did not contest the guidelines range, which provided for a minimum sentence of 18.75 to 62.5 years in prison. The probation officer who prepared the presentence investigation report (PSIR) recommended a sentence of 40 to 80 years in prison. Defense counsel agreed with the trial court that before the trial, the parties had discussed a sentencing agreement, on the record, which provided for a guidelines range with a

-1-

minimum sentence of no more than 20 years in prison as part of a plea offer. The trial court stated that the parties had wanted to ensure that defendant understood "the offer and the impact of any decisions he might make." The trial court stated that it "learned a whole lot more" about the case at trial.

Defendant spoke at sentencing, stating that he was "haunted every day by the memories of that night," that he could have taken a life, and that he let his anger control him. Defendant asked the sentencing judge to think about when she was 23 years old, like defendant was, and to think about her decisionmaking skills and how she handled her emotions as compared to how she would handle them 10 years later. Defendant stated that his age and maturity "played a huge role" in his actions. Defendant further asserted that he had "[s]pent a good portion of [his] life on drugs" and that he had mental health issues, including post-traumatic stress disorder (PTSD).

The trial court stated that defendant had previously been to prison and was on parole at the time of this offense. Further, the trial court explained that it had viewed defendant's testimony at trial and found that defendant was "probably one of the most manipulative witnesses who has ever appeared in [its] courtroom." The trial court believed that defendant was trying to manipulate the court at the sentencing hearing. The trial court explained that defendant's crime occurred after defendant felt that he had been "disrespected," which was unrelated to drugs or PTSD, but, rather, related to defendant not "conform[ing] [his] behavior to society's expectations." The trial court explained that it had learned about defendant's attitude, including that defendant had said in a text message that the person he had originally intended to kill "ha[d] to die." Defendant ultimately stabbed a different person, who required emergency surgery. The trial court stated that defendant was making excuses for his behavior and "blaming it on everything but [him]self." The trial court found that defendant's failure to take responsibility made him a dangerous person. The trial court stated that defendant did not apologize and was not exhibiting remorse.

Further, the trial court noted that defendant had been aware of the "huge guideline range" when he decided to decline the plea offer. The trial court explained that it was following the PSIR sentencing recommendation, which fell in the middle of the guidelines, sentencing defendant to 40 to 80 years in prison, consecutive to a sentence he was serving in another case.

This Court affirmed defendant's sentences on direct appeal on the basis that the sentences fell within the sentencing guidelines. *People v Holman*, unpub op at 8. When defendant appealed, our Supreme Court held the case in abeyance pending the outcome in *Posey* and *People v Stewart*, 512 Mich 472; 999 NW2d 717 (2023). *People v Holman*, 969 NW2d 38 (2022). Following its decision in *Posey*, our Supreme Court remanded this case to this Court for reconsideration in light of *Posey*. *Holman*, 513 Mich at 910.

Defendant's sentence was reasonable and proportionate, and defendant is not, therefore, entitled to resentencing. "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.'" *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). In *Posey*, our Supreme Court held "that defendants may challenge the proportionality of any sentence on appeal and that the sentence is to be reviewed for reasonableness." *Posey*, 512 Mich

-2-

at 360. A within-guidelines sentence is presumptively proportionate, but that presumption may be overcome. *Id*.

First, defendant's brief on appeal does not establish that he shows any of the remorse that the trial court noted was lacking at sentencing. Defendant argues that "compared to other cases with the same charge, the offense was far from serious." Further, defendant argues that although there was "potential" for more damage, the victim's injuries were "superficial" and "far from life-threatening," and the trial court should not sentence defendant on the basis of "what-if." Defendant does not, however, deny that he sent a text message about a person needing to die, after which defendant stabbed the victim. The victim required emergency surgery as a result. That the victim did not die does not take away from the seriousness of defendant's actions but, instead, is exactly the conduct AWIM prohibits.

Defendant further argues that his sentence was disproportionate because some defendants convicted of second-degree murder receive lesser minimum sentences. This argument directly conflicts with the trial court's requirement to impose a sentence proportionate to the seriousness of *this* offense and offender. See *Steanhouse*, 500 Mich at 459-460. The trial court witnessed all of the trial testimony in addition to defendant's statement at sentencing. The trial court found that defendant was manipulative, dangerous, and did not conform his behavior to society's expectations. The trial court noted that defendant intended to murder a person and sent a message stating that the person needed to die. The trial court explained that defendant stabbed the victim and was not showing remorse. The trial court further relied on defendant's criminal history and status of being on parole at the time of the offense.

A defendant bears the burden of demonstrating that his within-guidelines sentence is unreasonable or disproportionate. See *Posey*, 512 Mich at 357. Defendant has not met that burden. Nothing in the record indicates that the trial court failed to consider the offense and offender when imposing defendant's sentence. Therefore, defendant is not entitled to resentencing.

Affirmed.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Brock A. Swartzle